

UNITED STATES DISTRICT COURT **JUDGE RONALD GUZMAN**
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

**MAGISTRATE JUDGE SCHENKIER**

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) No. **08CR  211** |
| v. | ) |
| | ) Violations: Title 18, United States |
| MAURICE JACKSON | ) Code, Sections 1344 and 2. |
| CARLTON JOHNSON | ) |
| MICHAEL JACKSON | ) **FILED** |
| SEREDA NEWMAN | ) |
| ANNETTE WHITE | ) J N MAR 1 2 2008 |

The SPECIAL MARCH 2007 GRAND JURY charges:

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

1.    At all times material to this indictment:

a.    LaSalle Bank, N.A. was a financial institution, the deposits of which were insured by the Federal Deposit Insurance Corporation (hereinafter "LaSalle Bank").

b.    Company A was a Chicago-based company serving the commercial advertising industry by providing payment services for its clientele.  In this role, Company A issued, on behalf of its clients, in excess of one million checks annually to performers and other creative talent.

c.    Company A maintained a controlled disbursement checking account at LaSalle Bank from which it paid checks to performers and other creative talent on behalf of its clientele.

d.    Defendant MAURICE JACKSON was employed by Company A first as a Data Control Clerk and then as an Office Services Coordinator.

e.     As a Company A employee, defendant MAURICE JACKSON worked in Company A's Department of Office Services, which was responsible for, among other things, processing checks for Company A's clients. As a Data Control Clerk and then as an Office Services Coordinator, defendant MAURICE JACKSON had access to checks issued by Company A that were to be mailed to performers and other creative talent.

f.     Individual A was a creative performer who received residual payment checks from Company A.

g.     Individual B was a creative performer who received residual payment checks from Company A.

h.     Defendant CARLTON JOHNSON maintained a checking account at Bank One, N.A., a financial institution, the deposits of which were insured by the Federal Deposit Insurance Corporation (hereinafter, "Bank One").

i.     Individual C maintained a checking account at Guaranty Bank, a financial institution, the deposits of which were insured by the Federal Deposit Insurance Corporation (hereinafter, "Guaranty Bank").

j.     Individual D maintained a checking account at Bank One.

k.     The 79th and Rhodes Currency Exchange was a currency exchange located in the city of Chicago that provided check cashing services to the public.

l.     Defendant ANNETTE WHITE was a clerk employed by the 79th and Rhodes Currency Exchange.

2.     Beginning no later than October 2003 and continuing to on or about August 16, 2004, in the Northern District of Illinois, Eastern Division, and elsewhere,

MAURICE JACKSON,
CARLTON JOHNSON,
MICHAEL JACKSON,
SEREDA NEWMAN, and
ANNETTE WHITE,

defendants herein, together with others known and unknown to the Grand Jury, knowingly devised, intended to devise and participated in a scheme to defraud LaSalle Bank, and to obtain money and funds owned by and under the custody and control of LaSalle Bank, by means of materially false and fraudulent pretenses, representations, promises and omissions, which scheme is further described below.

### *Individual A's Checks*

3.     It was part of the scheme that defendant MAURICE JACKSON, without the knowledge and authorization of Company A, stole checks made payable to Individual A from Company A's Department of Office Services.

4.     It was further part of the scheme that defendant MAURICE JACKSON fraudulently endorsed Individual A's name on the back of Company A checks.

5.     It was further part of the scheme that defendant MAURICE JACKSON deposited stolen Company A checks made payable to Individual A into a Guaranty Bank account maintained by Individual C.  Defendant MAURICE JACKSON then withdrew funds from that account representing a portion of the value of the deposited stolen checks.

6.     It was further part of the scheme that defendant CARLTON JOHNSON

provided defendant MAURICE JACKSON his Bank One bank card and personal

identification number necessary to use that card at automated teller machines. Defendant

MAURICE JACKSON deposited stolen Company A checks made payable to Individual

A into defendant JOHNSON's bank account. Defendant MAURICE JACKSON then

withdrew funds representing a portion of the value of the stolen Company A checks from

the Bank One account, leaving the remainder for defendant JOHNSON as payment for

the use of his bank account.

7.      It was further part of the scheme that defendant MAURICE JACKSON

provided stolen Company A checks made payable to Individual A to defendant

MICHAEL JACKSON.

8.      It was further part of the scheme that defendants MAURICE JACKSON

and MICHAEL JACKSON deposited stolen Company A checks made payable to

Individual A, with forged endorsements, into a Bank One bank account held in the name

of Individual D. Defendants MAURICE JACKSON and MICHAEL JACKSON then

withdrew funds from that account representing the value of the stolen checks deposited.

9.      It was further part of the scheme that defendants MAURICE JACKSON

and MICHAEL JACKSON paid Individual D for the use of Individual D's bank account.

***Individual B's Checks***

10.      It was part of the scheme that defendant MAURICE JACKSON, without

the knowledge or authorization of Company A, stole checks made payable to Individual B

from Company A's Department of Office Services.

11.   It was further part of the scheme that defendant MAURICE JACKSON provided those stolen checks to defendant SEREDA NEWMAN to cash.

12.   It was further part of the scheme that defendant ANNETTE WHITE allowed defendant SEREDA NEWMAN to cash stolen Company A checks made payable to Individual B at the 79th and Rhodes Currency Exchange knowing defendant NEWMAN was not entitled to the funds.

13.   It was further part of the scheme that defendant SEREDA NEWMAN paid defendant ANNETTE WHITE a portion of the value of the stolen checks that defendant NEWMAN cashed at the 79th and Rhodes Currency Exchange.

***The Altered Checks***

14.   It was part of the scheme that defendant SEREDA NEWMAN recruited individuals, including Co-Schemers 1, 2, 3 and 4, to cash stolen Company A checks at Chicago-area currency exchanges.

15.   It was further part of the scheme that defendant SEREDA NEWMAN provided defendant MAURICE JACKSON names of individuals willing to cash stolen Company A checks, including Co-Schemers 1 through 4 in return for a portion of the proceeds.

16.   It was further part of the scheme that defendant MAURICE JACKSON altered and caused to be altered the payee names of checks issued by Company A to reflect the names provided to him by defendant SEREDA NEWMAN as payees.

17.   It was further part of the scheme that defendant MAURICE JACKSON

provided the Company A checks he altered and stole to defendant SEREDA NEWMAN.

18.    It was further part of the scheme that defendant SEREDA NEWMAN
provided Co-Schemers 1 through 4 with the Company A checks that defendant
MAURICE JACKSON had altered to include their names as payees to cash.

19.    It was further part of the scheme that Co-Schemers 1 through 4 cashed the
altered and stolen Company A checks provided to them by defendant SEREDA
NEWMAN at Chicago-area currency exchanges.

20.    It was further part of the scheme that defendant SEREDA NEWMAN paid
Co-Schemers 1 through 4 for cashing the altered and stolen Company A checks.

21.    It was further part of the scheme that defendants MAURICE JACKSON,
CARLTON JOHNSON, MICHAEL JACKSON, SEREDA NEWMAN and ANNETTE
WHITE did misrepresent, conceal and hide, and cause to be misrepresented, concealed
and hidden, the true purposes of the acts done in furtherance of the scheme.

22.    On or about September 15, 2003, in the Northern District of Illinois,

Eastern Division, and elsewhere,

MAURICE JACKSON,

defendant herein, for the purpose of executing the above-described scheme and attempting

to do so, knowingly caused a stolen Company A check, drawn on Company A's LaSalle

Bank account, bearing check number 17713738, made payable to Individual A, and

fraudulently endorsed, to be deposited into the Guaranty Bank account held in the name of

Individual C for further withdrawal;

In violation of Title 18, United States Code, Sections 1344 and 2.

## COUNT TWO

The SPECIAL MARCH 2007 Grand Jury further charges:

1.     Paragraphs One through Twenty-One of Count One of this Indictment are realleged and incorporated by reference as though fully set forth herein.

2.     On or about October 9, 2003, in the Northern District of Illinois, Eastern Division, and elsewhere,

### MAURICE JACKSON,

defendant herein, for the purpose of executing the above-described scheme and attempting to do so, knowingly caused a stolen Company A check, drawn on Company A's LaSalle Bank account,  bearing check number 17797619, made payable to Individual A, and fraudulently endorsed, to be deposited into the Guaranty Bank account held in the name of Individual C, for further withdrawal;

In violation of Title 18, United States Code, Sections 1344 and 2.

## COUNT THREE

The SPECIAL MARCH 2007 Grand Jury further charges:

1.    Paragraphs One through Twenty-One of Count One of this Indictment are realleged and incorporated by reference as though fully set forth herein.

2.    On or about December 17, 2003, in the Northern District of Illinois, Eastern Division, and elsewhere,

MAURICE JACKSON and
CARLTON JOHNSON,

defendants herein, for the purpose of executing the above-described scheme and attempting to do so, knowingly caused a stolen Company A check, drawn on Company A's LaSalle Bank account, bearing check number 17982783, made payable to Individual A, and fraudulently endorsed, to be deposited into defendant CARLTON JOHNSON'S Bank One bank account for further withdrawal;

In violation of Title 18, United States Code, Sections 1344 and 2.

## COUNT FOUR

The SPECIAL MARCH 2007 Grand Jury further charges:

1.     Paragraphs One through Twenty-One of Count One of this Indictment are realleged and incorporated by reference as though fully set forth herein.

2.     On or about April 23, 2004, in the Northern District of Illinois, Eastern Division, and elsewhere,

MAURICE JACKSON and
CARLTON JOHNSON,

defendants herein, for the purpose of executing the above-described scheme and attempting to do so, knowingly caused a stolen Company A check, drawn on Company A's LaSalle Bank account, bearing check number 18362164, made payable to Individual A, and fraudulently endorsed, to be deposited into defendant CARLTON JOHNSON'S Bank One bank account for further withdrawal;

In violation of Title 18, United States Code, Sections 1344 and 2.

## COUNT FIVE

The SPECIAL MARCH 2007 Grand Jury further charges:

1.    Paragraphs One through Twenty-One of Count One of this Indictment are realleged and incorporated by reference as though fully set forth herein.

2.    On or about December 31, 2003, in the Northern District of Illinois, Eastern Division, and elsewhere,

MAURICE JACKSON and
MICHAEL JACKSON,

defendants herein, for the purpose of executing the above-described scheme and attempting to do so, knowingly caused a stolen Company A check, drawn on Company A's LaSalle Bank account, bearing check number 17982784, made payable to Individual A, and fraudulently endorsed, to be deposited into the Bank One bank account held in the name of Individual D, for further withdrawal;

In violation of Title 18, United States Code, Sections 1344 and 2.

## COUNT SIX

The SPECIAL MARCH 2007 Grand Jury further charges:

1.    Paragraphs One through Twenty-One of Count One of this Indictment are realleged and incorporated by reference as though fully set forth herein.

2.    On or about June 21, 2004, in the Northern District of Illinois, Eastern Division, and elsewhere,

MAURICE JACKSON and
MICHAEL JACKSON,

defendants herein, for the purpose of executing the above-described scheme and attempting to do so, knowingly caused a stolen Company A check, drawn on Company A's LaSalle Bank account, bearing check number 18541515, made payable to Individual A, and fraudulently endorsed, to be deposited into the Bank One bank account held in the name of Individual D, for further withdrawal;

In violation of Title 18, United States Code, Sections 1344 and 2.

## COUNT SEVEN

The SPECIAL MARCH 2007 Grand Jury further charges:

1.     Paragraphs One through Twenty-One of Count One of this Indictment are realleged and incorporated by reference as though fully set forth herein.

2.     On or about January 8, 2004, in the Northern District of Illinois, Eastern Division, and elsewhere,

MAURICE JACKSON,
SEREDA NEWMAN and
ANNETTE WHITE,

defendants herein, for the purpose of executing the above-described scheme and attempting to do so, knowingly caused a stolen Company A check, drawn on Company A's LaSalle Bank account, bearing check number 18024772, made payable to Individual B, and fraudulently endorsed, to be cashed at the 79th and Rhodes Currency Exchange;

In violation of Title 18, United States Code, Sections 1344 and 2.

## COUNT EIGHT

The SPECIAL MARCH 2007 Grand Jury further charges:

1.    Paragraphs One through Twenty-One of Count One of this Indictment are realleged and incorporated by reference as though fully set forth herein.

2.    On or about January 9, 2004, in the Northern District of Illinois, Eastern Division, and elsewhere,

MAURICE JACKSON,
SEREDA NEWMAN and
ANNETTE WHITE,

defendants herein, for the purpose of executing the above-described scheme and attempting to do so, knowingly caused a stolen Company A check, drawn on Company A's LaSalle Bank account, bearing check number 18024770, made payable to Individual B, and fraudulently endorsed, to be cashed at the 79th and Rhodes Currency Exchange;

In violation of Title 18, United States Code, Sections 1344 and 2.

## COUNT NINE

The SPECIAL MARCH 2007 Grand Jury further charges:

1.      Paragraphs One through Twenty-One of Count One of this Indictment are realleged and incorporated by reference as though fully set forth herein.

2.      On or about August 2, 2004, in the Northern District of Illinois, Eastern Division, and elsewhere,

MAURICE JACKSON and
SEREDA NEWMAN,

defendants herein, together with persons known and unknown to the Grand Jury, for the purpose of executing the above-described scheme and attempting to do so, knowingly caused a stolen Company A check, drawn on Company A's LaSalle Bank account, bearing check number 18673761, made payable to Co-Schemer 2, to be cashed at a currency exchange;

In violation of Title 18, United States Code, Sections 1344 and 2.

## COUNT TEN

The SPECIAL MARCH 2007 Grand Jury further charges:

1.      Paragraphs One through Twenty-One of Count One of this Indictment are realleged and incorporated by reference as though fully set forth herein.

2.      On or about August 3, 2004, in the Northern District of Illinois, Eastern Division, and elsewhere,

MAURICE JACKSON and
SEREDA NEWMAN,

defendants herein, together with persons known and unknown to the Grand Jury, for the purpose of executing the above-described scheme and attempting to do so, knowingly caused a stolen Company A check, drawn on Company A's LaSalle Bank account, bearing check number 18675426, made payable to Co-Schemer 2, to be cashed at a currency exchange;

In violation of Title 18, United States Code, Sections 1344 and 2.

## COUNT ELEVEN

The SPECIAL MARCH 2007 Grand Jury further charges:

1.    Paragraphs One through Twenty-One of Count One of this Indictment are realleged and incorporated by reference as though fully set forth herein.

2.    On or about August 3, 2004, in the Northern District of Illinois, Eastern Division, and elsewhere,

MAURICE JACKSON and
SEREDA NEWMAN,

defendants herein, together with persons known and unknown to the Grand Jury, for the purpose of executing the above-described scheme and attempting to do so, knowingly caused a stolen Company A check, drawn on Company A's LaSalle Bank account, bearing check number 18683500, made payable to Co-Schemer 4, to be cashed at a currency exchange;

In violation of Title 18, United States Code, Sections 1344 and 2.

## COUNT TWELVE

The SPECIAL MARCH 2007 Grand Jury further charges:

1.      Paragraphs One through Twenty-One of Count One of this Indictment are realleged and incorporated by reference as though fully set forth herein.

2.      On or about August 5, 2004, in the Northern District of Illinois, Eastern Division, and elsewhere,

MAURICE JACKSON and
SEREDA NEWMAN,

defendants herein, together with persons known and unknown to the Grand Jury, for the purpose of executing the above-described scheme and attempting to do so, knowingly caused a stolen Company A check, drawn on Company A's LaSalle Bank account, bearing check number 18692930, made payable to Co-Schemer 4, to be cashed at a currency exchange;

In violation of Title 18, United States Code, Sections 1344 and 2.

## COUNT THIRTEEN

The SPECIAL MARCH 2007 Grand Jury further charges:

1.    Paragraphs One through Twenty-One of Count One of this Indictment are realleged and incorporated by reference as though fully set forth herein.

2.    On or about July 23, 2004, in the Northern District of Illinois, Eastern Division, and elsewhere,

MAURICE JACKSON and
SEREDA NEWMAN,

defendants herein, together with persons known and unknown to the Grand Jury, for the purpose of executing the above-described scheme and attempting to do so, knowingly caused a stolen Company A check, drawn on Company A's LaSalle Bank account, bearing check number 18652332, made payable to Co-Schemer 1, to be cashed at a currency exchange;

In violation of Title 18, United States Code, Sections 1344 and 2.

## COUNT FOURTEEN

The SPECIAL MARCH 2007 Grand Jury further charges:

1.    Paragraphs One through Twenty-One of Count One of this Indictment are realleged and incorporated by reference as though fully set forth herein.

2.    On or about July 23, 2004, in the Northern District of Illinois, Eastern Division, and elsewhere,

MAURICE JACKSON and
SEREDA NEWMAN,

defendants herein, together with persons known and unknown to the Grand Jury, for the purpose of executing the above-described scheme and attempting to do so, knowingly caused a stolen Company A check, drawn on Company A's LaSalle Bank account, bearing check number 18652358, made payable to Co-Schemer 1, to be cashed at a currency exchange;

In violation of Title 18, United States Code, Sections 1344 and 2.

## COUNT FIFTEEN

The SPECIAL MARCH 2007 Grand Jury further charges:

1.    Paragraphs One through Twenty-One of Count One of this Indictment are realleged and incorporated by reference as though fully set forth herein.

2.    On or about August 11, 2004, in the Northern District of Illinois, Eastern Division, and elsewhere,

MAURICE JACKSON and
SEREDA NEWMAN,

defendants herein, together with persons known and unknown to the Grand Jury, for the purpose of executing the above-described scheme and attempting to do so, knowingly caused a stolen Company A check, drawn on Company A's LaSalle Bank account, bearing check number 18688959, made payable to Co-Schemer 3, to be cashed at a currency exchange;

In violation of Title 18, United States Code, Sections 1344 and 2.

## COUNT SIXTEEN

The SPECIAL MARCH 2007 Grand Jury further charges:

1.    Paragraphs One through Twenty-One of Count One of this Indictment are realleged and incorporated by reference as though fully set forth herein.

2.    On or about August 12, 2004, in the Northern District of Illinois, Eastern Division, and elsewhere,

MAURICE JACKSON, and
SEREDA NEWMAN

defendants herein, together with persons known and unknown to the Grand Jury, for the purpose of executing the above-described scheme and attempting to do so, knowingly caused a stolen Company A check, drawn on Company A's LaSalle Bank account, bearing check number 18711937, made payable to Co-Schemer 3, to be cashed at a currency exchange;

In violation of Title 18, United States Code, Sections 1344 and 2.

A TRUE BILL:

_____

FOREPERSON

_____

UNITED STATES ATTORNEY